1  Gregory M. Fox, State Bar No. 070876
   Dana L. Soong, State Bar No. 168160
2  BERTRAND, FOX & ELLIOT
   The Waterfront Building
3  2749 Hyde Street
   San Francisco, California 94109
4  Telephone:   (415) 353-0999
   Facsimile:   (415) 353-0990
5
   Attorneys for Defendants
6  CITY OF SUNNYVALE,
   CHRIS SEARLE and DARREN PANG
7

8                    UNITED STATE DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 | ERIKA CANAS, JOSE CANAS, a minor, by     | Case No.: C08-03598 RMW
   | and through his guardian ad litem, and JESUS |
12 | CANAS, by and through his guardian ad litem, | **DEFENDANTS CITY OF SUNNYVALE,**
   |                                              | **CHRIS SEARLE AND DARREN PANG'S**
13 |            Plaintiffs,                       | **NOTICE OF MOTION AND MOTION TO**
   |       vs.                                    | **DISMISS PLAINTIFFS' COMPLAINT;**
14 |                                              | **MEMORANDUM OF POINTS AND**
   | CITY OF SUNNYVALE, CHRIS SEARLE,             | **AUTHORITIES IN SUPPORT THEREOF;**
15 | DARREN PANG and DOES ONE through             | **FRCP 12(b)(6)**
   | TWENTY-FIVE,                                 |
16 |                                              | Date:       September 26, 2008
   |            Defendants.                       | Time:       9:00 a.m.
17 |                                              | Courtroom:  6, 4th Floor
   |                                              | Honorable Ronald M. Whyte
18

19

20

21

22

23

24

25

26

27

28

---

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**NOTICE**

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 26, 2008 at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 6, 4th Floor, of the above-entitled Court, located at 280 S. 1st St., San Jose, CA, defendants City of Sunnyvale, Chris Searle and Darren Pang will and hereby do move this Court for an order granting dismissal of the claims specified below, which are contained in plaintiffs' complaint, for failure to state any claim upon which relief can be granted.

This motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b), subsection (6), as set forth more fully in the Memorandum of Points and Authorities below, on the grounds that dismissal is appropriate because plaintiffs' complaint fails to allege facts sufficient to state any claim upon which relief can be granted against defendants as more particularly set forth below.

This motion is based on this notice, the memorandum of points and authorities, the papers and pleadings on file herein, and on such oral and documentary evidence as may be adduced at the hearing of this matter.

**I.     INTRODUCTION**

Plaintiffs Erika Canas, Jose Emmanuel Canas, a minor, and Jesus Canas, a minor, bring this action against defendants City of Sunnyvale, and police officers Chris Searle and Darren Pang arising out of a shooting incident on September 12, 2007. Plaintiffs allege that defendants Searle and Pang "negligently shot Jose Francisco Canas to death" and violated plaintiff's [sic] civil rights by interfering with or attempting to interfere with plaintiff's constitutional rights by threatening or committing violent acts and by retaliating for having exercised constitutional rights.

Plaintiffs' complaint fails to state a claim upon which relief can be granted against defendants, and the complaint is subject to dismissal under Federal Rules of Civil Procedure (F.R.C.P.), Rule 12(b)(6), for the following reasons:

(1)     Plaintiffs' complaint fails to state a claim on behalf of the minor plaintiffs because there are no facts pled showing adequate representation by a guardian ad litem;

(2)     Plaintiffs' first cause of action for negligence is subject to dismissal because the complaint fails to state sufficient facts to state a claim for negligence;

(3) To the extent plaintiffs attempt to assert a survivorship cause of action on behalf of decedent Jose Francisco Canas, the complaint fails to state facts sufficient to state any survivorship claim;

(4) Plaintiffs' second cause of action for civil rights violation is subject to dismissal because the complaint fails to state sufficient facts to state a claim for relief on this basis. To the extent plaintiffs seek relief for violation of Fourth Amendment rights under 42 U.S.C. Section 1983, the complaint is subject to dismissal because Fourth Amendment rights are personal and may not be vicariously asserted, and plaintiffs lack standing to assert such claims. To the extent plaintiffs seek relief for violation of their Fourteenth Amendment rights under 42 U.S.C. Section 1983, the complaint fails to state sufficient facts to state a claim for relief. The complaint also fails to state facts sufficient to state a claim for municipal liability against the City based on *Monell*.

Defendants' motion to dismiss, therefore, should be granted. Argument and authorities on these points follow.

## II.   STATEMENT OF FACTS

Plaintiffs' complaint alleges that, on September 12, 2007, defendants Chris Searle and Darren Pang "negligently shot Jose Francisco Canas to death. At the time he was shot to death, Jose Francisco Canas was situated in his car on a public street and not acting in a manner sufficient to cause the use of lethal force." (See plaintiffs' complaint, ¶ 13.) Plaintiffs further allege that defendants "interfered with or attempted to interfere with the Plaintiff's [sic] constitutional or statutory right by threatening or committing violent acts", "injured the Plaintiff [sic] or the Plaintiff's property to prevent the Plaintiff from exercising his or her constitutional right or to retaliate against the Plaintiff for having exercised his or her constitutional right", and "injured the Plaintiff [sic] or the Plaintiff's property to prevent the Plaintiff from exercising his or her constitutional right or to retaliate against the Plaintiff for having exercised his or her constitutional right." (See plaintiffs' complaint, ¶¶ 18, 19 and 20.)

Plaintiffs' allegations are wholly conclusory. The complaint is completely devoid of any factual allegations at all indicating how the incident occurred, decedent's conduct before or at the time of the shooting, how the defendants' conduct was wrongful or unjustified, or what, if any,

2

plaintiffs' involvement in the incident may have been. The Court and defendants cannot determine whether there is any basis for plaintiffs' claims and defendants cannot fairly formulate a meaningful defense. Plaintiffs' complaint fails to state facts sufficient to state any claim against defendants and is subject to dismissal.

### III.   ARGUMENT

**A.   Plaintiffs' Complaint Is Subject To Dismissal Under Federal Rules Of Civil Procedure, Rule 12(b)(6), Because The Complaint Fails To State Sufficient Facts Upon Which Relief Can Be Granted**

Dismissal of claims is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).) In determining the adequacy of the pleading, the Court must determine whether plaintiffs would be entitled to some form of relief if the facts alleged in the complaint were true. (*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).) However, the Court need not accept as true, conclusionary allegations, unreasonable inferences, legal characterizations or unwarranted deductions of fact contained in plaintiff's complaint. (*SEC v. Seaboard Corp.*, 677 F.2d 1315, 1316 (9th Cir. 1982); *Western Mining Council v. Watt*, 643 F.2d 618, 630 (9th Cir. 1981).) "If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." (*Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, fn. 1 (9th Cir. 1997).)

Further, 'if a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied, even if prior to a responsive pleading, if amendment of the complaint would be futile. [Citation.] If the district court determines that the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' then the dismissal without leave to amend is proper." (*Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988).)

Although the Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief", plaintiffs are required to set forth sufficient facts "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168

(1993).) Plaintiffs' complaint in this case fails to meet even these liberal construction rules.

As discussed below, plaintiffs' complaint is entirely conclusory and fails to state facts sufficient to state any claim upon which relief can be granted against defendants. Defendants' motion to dismiss, therefore, should be granted.

**B.  Plaintiffs' Complaint Fails To State A Claim On Behalf Of The Minor Plaintiffs Because There Are No Facts Showing Adequate Representation by A Guardian Ad Litem**

California law requires that minors must be represented by a *guardian ad litem* in any court proceeding. California Code of Civil Procedure § 372 provides that "When a minor . . . is a party, that person shall appear either by a guardian . . . or by a guardian ad litem appointed by the court in which the action or proceeding is pending, or by a judge thereof, in each case." "When a guardian ad litem is appointed, . . . (1) if the minor is a plaintiff the appointment must be made before the summons is issued . . ." (Cal Code of Civ. Proc. § 373.)

Plaintiffs' complaint in the instant case contains no facts showing that a guardian ad litem has been appointed by the Court. The complaint does not even specifically name a guardian ad litem for either minor plaintiff. The complaint states only that plaintiffs Jose Canas and Jesus Canas are minors and that they are represented by their unidentified guardian ad litem. (See plaintiffs' complaint ¶¶ 5 and 6.) The Court and defendants thus cannot determine if a guardian ad litem in fact has been properly approved and appointed by the Court or if the purported guardian ad litem is proper or may have conflicting interests. Plaintiffs' complaint fails to show the minor plaintiffs are adequately represented, and therefore fails to sate facts sufficient to state a claim on behalf of the minor plaintiffs.

**C.  Plaintiffs' First Cause Of Action For Negligence Is Subject To Dismissal Because The Complaint Fails To State Sufficient Facts To State A Claim For Negligence**

It is well settled that "To prevail in an action for negligence, the plaintiff must demonstrate that the defendant owed a duty to the plaintiff, that the defendant breached that duty and that the breach proximately caused the plaintiff's injuries." (*John B. v. Superior Court*, 38 Cal.4th 1177, 1188 (2006).)

Plaintiffs' complaint in the instant case is completely devoid of any factual allegations

4

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

indicating how the incident occurred. Plaintiffs assert only that defendants "negligently shot Jose Francisco Canas to death. At the time he was shot to death, Jose Francisco Canas was situated in his car on a public street and not acting in a manner sufficient to cause the use of lethal force." (See plaintiffs' complaint, ¶ 13.) Plaintiffs provide no facts indicating the circumstances leading up to the shooting or at the time of the shooting, and no facts regarding decedent's conduct to support their wholly conclusionary allegations that defendants acted negligently or that the use of lethal force was unwarranted. The Court and defendants thus cannot determine at all how defendants may have owed a duty to the plaintiffs, how that duty may have been breached or that the breach proximately caused plaintiffs' injuries. Plaintiffs' complaint, therefore, fails to state facts sufficient to state a claim for negligence upon which relief can be granted. Defendants' motion to dismiss in this regard should be granted.

**D.   Plaintiffs' Complaint Fails To State Facts Sufficient To State Any Survivorship Claim On Behalf Of Jose Francisco Canas And The Complaint Is Subject To Dismissal To The Extent Plaintiffs Attempt To Assert Survivorship Claims**

"Under California law, if an injury giving rise to liability occurs before a decedent's death, then the claim survives to the decedent's estate. See Cal. Civ. P. Code § 377.30. Where there is no personal representative for the estate, the decedent's "successor in interest" may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law . . . See Cal. Civ. P. Code §§ 377.30, 377.32." (*Tatum v. City & County of San Francisco,* 441 F.3d 1090, 1094, fn. 2 (9th Cir. 2006).)

California Code of Civil Procedure § 377.32 requires that the person seeking to commence an action as the decedent's successor in interest "shall execute and file an affidavit or declaration under penalty of perjury . . . stating all of the following:

(1)   The decedent's name.

(2)   The date and place of the decedent's death.

(3)   'No proceeding is now pending in California for administration of the decedent's estate.'

(4)   If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.

(5) Either of the following, as appropriate, with facts in support thereof:

(A) 'The affiant or declarant is the decedent's successor in interest . . . and succeeds to the decedent's interest in the action or proceeding.'

(B) 'The affiant or declarant is authorized to act on behalf of the decedent's successor in interest . . . with respect to the decedent's interest in the action or proceeding.'

(6) 'No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.'

(7) 'The affiant or declarant affirms or declares under penalty of perjury . . . that the foregoing is true and correct.' . . .

(c) A certified copy of the decedent's death certificate shall be attached to the affidavit or declaration."

Moreover, it is well settled that "'Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.' [Citation.] Thus, the general rule is that only the person whose Fourth Amendment rights were violated can sue to vindicate those rights. [Citation.] In §1983 actions, however, the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action. [Citations.] **The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action.** [Citation.]" [Emphasis added.] (*Moreland v. Las Vegas Metro. Police Department*, 59 F.3d 365, 369 (9th Cir. 1998).)

Plaintiffs' complaint in the instant case appears to assert a Section 1983 claim on behalf of *decedent* for violation of *his* constitutional rights. Plaintiffs allege that "Defendants interfered with or attempted to interfere with the Plaintiff's constitutional or statutory right by threatening or committing violent acts. [¶] The decedent reasonably believed that if he exercised his or her constitutional right, said Defendants would commit violence against him or his property. [¶] Said Defendants injured the Plaintiff or the Plaintiff's property to prevent the Plaintiff from exercising his or her constitutional right or to retaliate against the Plaintiff for having exercised his or her constitutional right." (See plaintiffs' complaint, ¶¶ 18, 19 and 20.) The complaint refers to "Plaintiff" in the singular and alleges violent acts were threatened or committed against this singular, unidentified plaintiff. The complaint alleges only that the decedent Jose Canas was shot by

defendants and does not allege any other acts against anyone else. Plaintiffs, however, have no standing to pursue such claims on behalf of decedent.

The complaint contains no facts at all demonstrating compliance with any of the requirements of California law for commencing a survival action on behalf of decedent Jose Canas. There are no allegations any plaintiff is the personal representative of decedent and no allegations that the applicable California state law requirements permitting someone to bring an action as decedent's successor in interest have been fulfilled. Plaintiffs thus lack standing to assert any violation of decedent's constitutional rights in this case. Plaintiffs' complaint fails to state facts sufficient to state any claim for relief on behalf of decedent and the complaint is subject to dismissal on this basis.

E. **Plaintiffs' Second Cause Of Action For Civil Rights Violation Is Subject To Dismissal Because The Complaint Fails To State Sufficient Facts To State A Claim For Relief On This Basis**

1. *To The Extent Plaintiffs Seek Relief For Violation Of Fourth Amendment Civil Rights Under 42 U.S.C. Section 1983, The Complaint Is Subject To Dismissal Because Fourth Amendment Rights Are Personal And May Not Be Vicariously Asserted*

"To recover damages under 42 U.S.C. § 1983, a plaintiff must prove by a preponderance of the evidence that the defendants deprived the plaintiff of a constitutional right while acting under color of state law." (*Tatum*, 441 F.3d at 1094.) Plaintiffs' complaint in this case fails to include facts demonstrating defendants deprived plaintiffs of a constitutional right while acting under color of state law. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." (*Baker v. Mccollan*, 443 U.S. 137, 146 (1979).) Section 1983 was not intended to serve as a general negligence statute.

Further, as set forth in Section "D" above, "The Supreme Court has stated that Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted. [Citations.]" (*Moreland*, 159 F.3d at 369.) "Thus, the general rule is that only the person whose Fourth Amendment rights were violated can sue to vindicate those rights. [Citation.]" (*Id.*)

Moreover, "The Fourth Amendment covers only 'searches and seizures.'" (*County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1997) A child who claims loss of the companionship and society of his or her parent, therefore, raises a different constitutional claim under the Fourteenth

7

Amendment. (*Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991); *Byrd v. Guess*, 137 F.3d 1126, 1134 (9th Cir. 1997).)

Plaintiffs in this case allege that defendants shot decedent Jose Canas, that they interfered with plaintiff's constitutional rights by threatening or committing violent acts, that decedent believed if he exercised his rights defendants would commit violence against him and defendants injured plaintiff or his property to prevent him from exercising his constitutional right or to retaliate against him for having exercised his rights. (See plaintiffs' complaint ¶¶ 17 through 20.) Plaintiffs do not allege defendants committed any acts against *them* and they do not assert any facts showing any unreasonable search or seizure against them personally. Plaintiffs' complaint thus fails to state facts sufficient to state a claim for violation of their Fourth Amendment rights.

Further, as discussed fully in Section "B" above, plaintiffs' complaint fails to establish that they are asserting claims on decedent's behalf or that they have any standing to assert claims on his behalf. The complaint, therefore, fails to state a claim for violation of decedent's Fourth Amendment rights and is subject to dismissal.

2.  *Plaintiffs' Complaint Fails To State Facts Sufficient To State A Claim For Violation Of Their Fourteenth Amendment Rights Under 42 U.S.C. Section 1983*

To the extent plaintiffs assert claims for violation of their individual constitutional rights to familial association, their claims arise under the Fourteenth Amendment and they must meet the heightened "conscience shocking" standard to establish such claims. Fourteenth Amendment claims require a much higher standard of proof than the "reasonableness" standard for Fourth Amendment claims. "[T]he Due Process Clause is violated by executive action only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." (*County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998).) "**[C]onduct intended to injure in some way unjustifiable by any government interest** is the sort of official action most likely to rise to the conscience-shocking level." [Emphasis added.] (*Id.* at 849.) When unforeseen circumstances demand an officer's instant judgment, "**only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience necessary for a due process violation.**" [Emphasis added.] (*Id.* at 836.)

Plaintiffs' complaint contains no allegations at all suggesting the officers' conduct was intended to injure decedent unrelated to the legitimate object of arrest or in some way unjustifiable by any government interest. Plaintiffs assert only that the officers "negligently shot" decedent, interfered with or attempted to interfere with plaintiff's constitutional rights by threatening or committing violent acts, and injured decedent to prevent his exercise of constitutional rights or to retaliate for his having exercised constitutional rights. The complete lack of factual allegations fails to demonstrate "conscience shocking" conduct necessary to establish a claim for a Fourteenth Amendment due process violation. Plaintiffs' complaint, therefore, is subject to dismissal.

3. *Plaintiffs' Complaint Also Fails To State Facts Sufficient To State A Claim For Municipal Liability Against The City For An Alleged Constitutional Violation*

"A municipality cannot be held liable . . . under § 1983 on a respondeat superior theory." (*Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1997).) Local governing bodies can be sued directly under Section 1983 only where the alleged unconstitutional conduct is the result of an official policy, pattern or practice. (*Id.* at 690.) "[A] municipality can be liable under § 1983 **only where its policies are the moving force behind the constitutional violation.**" [Emphasis added.] (*City of Canton v. Harris*, 489 U.S. 378, 389 (1988).) Plaintiff must establish a direct causal link between a policy or custom and any alleged constitutional deprivation. (*Id.* at 385.)

"[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and **must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.**" [Emphasis added.] (*Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 404 (1996).) "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees." (*Id.* at 405.) "To the extent that we have recognized a cause of action under § 1983 based on a single decision attributable to a municipality, we have done so only where the evidence that the municipality had acted and that the plaintiff had suffered a deprivation of federal rights also proved fault and causation." (*Id.*)

Further, "While the liability of municipalities doesn't turn on the liability of individual

officers, it is contingent on a violation of constitutional rights." (*Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994.) "If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point." [Original italics.] (*City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).)

Plaintiffs in the instant case fail to state facts to support their municipal liability claims against the City. The complaint contains no facts showing <u>both</u> a violation of constitutional rights <u>and</u> that the violation was the result of an official policy, pattern or practice of the City. Plaintiffs' complaint thus fails to state facts sufficient to state a claim for violation of civil rights against the City and is subject to dismissal.

Plaintiffs' second cause of action fails to state facts sufficient to state any claim for violation of civil rights. Defendants' motion to dismiss in this regard, therefore, should be granted.

## IV. CONCLUSION

For the reasons set forth above, defendants respectfully submit that the instant motion to dismiss should be granted.

Dated: July 30, 2008                         BERTRAND, FOX & ELLIOT

By: _____
Gregory M. Fox
Attorneys for Defendants
CITY OF SUNNYVALE, CHRIS SEARLE and
DARREN PANG

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

I, Jan Taheny declare that:

I am employed in the County of San Francisco, California; I am over the age of eighteen years and not a party to the within cause; and my business address is 2749 Hyde Street, San Francisco, California 94109.

I am readily familiar with the practice of Bertrand, Fox, & Elliot for the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

On **July 31, 2008**, I served the following document(s):

**DEFENDANTS CITY OF SUNNYVALE, CHRIS SEARLE AND DARREN PANG'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; FRCP 12(b)(6)**

in said cause, on the following interested parties:

James Roberts, Esq.                      *Attorney for Plaintiffs*
Roberts & Elliott LLP
Ten Almaden Blvd., Suite 500
San Jose, CA  95113
Fax: (408) 287-3782

Said service was performed in the following manner:

( X )  **BY U.S. POSTAL SERVICE (Mail):** I placed each such document in a sealed envelope addressed at noted above, with first-class mail postage thereon fully prepaid, for collection and mailing at San Francisco, California, following the above-stated business practice, on this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed **July 31, 2008**, at San Francisco, California.

*/s/ Jan Taheny*
Jan Taheny